UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BILAL JAMAL WOODARD,

v.                                                       Case No.: 8:14-cv-00953-T-24-TBM
                                                         Case No.: 8:12-cr-00267-T-24-TBM

UNITED STATES OF AMERICA,
_____

**ORDER**

This cause comes before the Court upon Petitioner Bilal James Woodard's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 67.) The Government filed a response in opposition, and Petitioner filed a reply. (Civ. Dkts. 7, 10.)

**I.     BACKGROUND**

On June 28, 2012, a federal grand jury returned a four-count Indictment against Petitioner (Cr. Dkt. 1.)  Count One charged Petitioner with violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of firearms; Count Two for violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D) for possession with intent to distribute cocaine and marijuana; Count Three in violation of 18 U.S.C. § 924(c)(1)(A)(i) for possession of firearms in furtherance of a drug trafficking crime; and Count Four in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D) for possession with intent to distribute, and distribution of cocaine. (Cr. Dkt. 1.)

On August 2, 2012, the Government filed an information and notice pursuant to 21 U.S.C. §§ 841 and 851 stating that Petitioner was subject to enhanced statutory penalties based on prior felony drug convictions.  (Cr. Dkt. 8.)  On December 13, 2012, Petitioner pled guilty pursuant to a plea agreement to Count Three of the Indictment, for possession of a firearm in furtherance of a drug trafficking crime.  (Cr. Dkt. 29.)  This Court adjudicated him guilty on December 17, 2012, and sentenced him to 240 months' imprisonment on April 10, 2013. (Cr. Dkts. 34, 49.)

Petitioner appealed his sentence to the United States Court of Appeals for the Eleventh Circuit, which dismissed in part and affirmed in part on March 19, 2014. (Cr. Dkt. 66.) Petitioner timely filed this § 2255 motion on April 22, 2014. (Civ. Dkt. 1; Cr. Dkt. 67.)

## II.     DISCUSSION

Petitioner sets forth three grounds in support of his § 2255 motion. Specifically, he argues that: (1) he was erroneously enhanced to career offender status and his counsel was ineffective for failing to challenge his state prior convictions; (2) counsel was ineffective for allowing Petitioner to receive a 240 month sentence when he was promised a sentence of 5 to 7 years; and (3) counsel was ineffective for not verifying whether or not Petitioner possessed a machine gun. These arguments have no merit, and, as such, Petitioner's § 2255 motion is denied.

### A.     Career Offender Status

In his first ground for relief, Petitioner argues that he "was unconstitutionally and erroneously enhanced to career offender status, based on three Florida State Statute Section 893.13, priors, and for carrying a concealed firearm." (Civ. Dkt. 1 at 2.) Petitioner claims that counsel should have challenged his "his career offender status, when in fact petitioner requested counsel to do so," which caused Petitioner to receive a 240 month sentence. (Civ. Dkt. 10 at 1.)

A defendant qualifies as a career offender if, among other reasons, he or she "has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). The term "two prior felony convictions" means that: (1) the defendant "committed the instant offense of conviction subsequent to sustaining at least two [qualifying] felony convictions," and (2) the sentences for at least two such convictions are "counted separately" under U.S.S.G. section A1.1. U.S.S.G. § 4B1.2(c). A "prior sentence" means "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1).

Petitioner challenges his classification as a career offender and claims that the Court erred when it enhanced his sentence as a career offender for three prior state convictions under Fla. Stat. § 893.13 and a conviction for carrying a concealed firearm. However, he incorrectly identified the convictions as (1) carrying a concealed firearm; (2) felon in possession of ammunition; (3) sale and possession of cocaine; and (4) possession of marijuana. (Civ. Dkt. 1 at 19.) Instead, the three prior state court convictions which qualify Petitioner as a career offender as indicated in the PSR are: (1) possession of marijuana with intent to sell, Case No. 03-CF11094, January 13, 2004, (2) possession of marijuana with intent to manufacture, sell, or deliver, Case No. 09-CF2578, and (3) sale of cocaine, Case No. 09-CF24990, April 6, 2010. Petitioner qualified as a career offender because the Florida drug convictions qualify as convictions which can be used to enhance his sentence.

Petitioner claims it was incorrect to use his prior felony drug convictions under Fla. Stat. § 893.13 to enhance his sentence as a career offender because that statute does not contain a *mens rea* element. Petitioner relies on Descamps v. United States, 133 S. Ct. 2276 (2013) and Donawa v. U.S. Attorney General, 735 F.3d 1275 (11th Cir. 2013) and states that it is improper to consider him a career offender based on convictions that lacked a *mens rea* element. (Civ. Dkt. 1 at 2.)

However, Petitioner's violations of § 893.13 are "controlled substance offenses" under U.S.S.G. § 4B1.2. "[N]either the statutory language or the sentencing guidelines nor our case law requires that a 'controlled substance offense' be one in which the defendant had knowledge of the illicit nature of the substance." United States v. Smith, 522 F. App'x 564, 566 (11th Cir. 2013) (citing U.S.S.G. § 4B1.2(b)). To be considered a "controlled substance offense," the only requirement is that Petitioner violated Fla. Stat. § 893.13. Here, Petitioner violated that statute, and, accordingly, he was properly classified as a career offender. See U.S.S.G. § 4B1.2(b).

B.     **Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, 446 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Id.</u> Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. <u>See id.</u>

In order to succeed in an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688. Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. <u>See id.</u> at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Id.</u> at 689.

Simply showing that counsel erred is not sufficient under this test. <u>See id.</u> at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. <u>See id.</u> at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. <u>See id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

In the instant case, Petitioner argues that his counsel was ineffective for three reasons. First, Petitioner claims that his counsel was ineffective when he promised Petitioner that he would

receive a sentence not exceeding 7 years if he entered a guilty plea, when in actuality, he received a sentence of 240 months or 20 years. Second, Petitioner claims counsel was ineffective and prejudiced the Petitioner for failing to challenge Petitioner's state priors upon Petitioner's request to do so. Third, Petitioner claims that counsel was ineffective when counsel failed to verify that Petitioner did not possess a machine gun. (Civ. Dkt. 1 at 25–28.)

### 1. Plea Agreement

Petitioner argues that his "[c]ounsel was ineffective for verbally promising the Petitioner a 5–7 year plea, if he pled guilty." (Civ. Dkt. 1 at 8.) However, this claim directly conflicts with the record. At the change of plea hearing, the Court informed Petitioner that by pleading guilty to Count Three of the Indictment, he faced a minimum mandatory sentence of five years with the possibility of up to life imprisonment. (Cr. Dkt. 62 at 8.) Petitioner acknowledged that he understood the potential penalty and proceeded to plead guilty. (Cr. Dkt. 62 at 8:58–8:24.)

Further, the Court explained that it was common, and permissible, for lawyers and clients to discuss potential sentencing ranges. The Court cautioned that such conversations are not binding on the Court, and do not reflect the future sentence to be imposed on the Petitioner. (Cr. Dkt. 62 at 17.) The Court further reiterated that the guidelines were only a range, not a guarantee, and one that could be departed from, either upward or downward. Petitioner acknowledged that he understood. (Cr. Dkt. 62 at 18:1.) The Court also verified that Petitioner did not accept the plea agreement in exchange for a promise or assurance of a particular sentence. (Cr. Dkt. 62 at 25:3.)

As such, Petitioner's contention that his counsel was ineffective for "verbally promising the Petitioner a 5–7 year plea if he plead guilty" directly conflicts with what he told the Magistrate Judge at the change of plea hearing. Petitioner pled guilty after he acknowledged that he had not been assured a particular sentence. Accordingly, this Court finds Petitioner has not met his burden

5

of proving that his counsel was ineffective because he received a higher sentence than what had been promised by counsel.

### 2.  Challenge Petitioner's State Prior Offenses

Petitioner argues that his "[c]ounsel was ineffective and prejudiced the Petitioner when he did not challenge the Petitioner's state priors upon the Petitioner's request to do so." (Civ. Dkt. 1 at 5.)  However, counsel cannot be ineffective for failing to raise a challenge when there is no basis in the law for such a challenge.  As discussed, Petitioner was properly classified as a career offender due to his violations of Fla. Stat. § 893.13.  Because Petitioner's substantive challenge to his career offender status fails, counsel was not ineffective for failing to raise the challenge. See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) ("Counsel was not ineffective for failing to raise a nonmeritorious issue.").

### 3.  Machine Gun

Petitioner's claim that his counsel failed to verify that he was not in possession of a machine gun is simply without merit, as Petitioner's case did not involve a machine gun.  Petitioner's sentence was not "enhanced, and overly sentenced for a machine gun" as Petitioner contends. (Civ. Dkt. 1 at 27.)  Instead, Petitioner possessed a Glock .45 caliber handgun and a loaded Mosberg 12-gauge shotgun.  (Cr. Dkt. 1, Cr. Dkt. 29 at 14, Cr. Dkt. 62 at 28.)  Accordingly, this Court finds Petitioner has not met his burden of showing ineffective assistance of counsel because counsel failed to verify that he was not in possession of a machine gun.

## III. CONCLUSION

Accordingly, Petitioner's § 2255 motion (Civ. Dkt. 1; Cr. Dkt. 67) is **DENIED**.  The Clerk is directed to close the civil case and enter judgment for the United States.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue…only if the applicant has made a substantial showing of the denial of constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrel, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of November, 2014.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record